UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LOIS KATZIFF, et al. ) | Civil Action No 07-11456-NMG |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| BEVERLY ENTERPRISES, INC., et al. ) | |
| ) | |
| Defendants/Third Party ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| DIVERSIFIED INVESTMENT ADVISORS ) | |
| and STEPHENS INC., ) | |
| ) | |
| Third Party Defendants ) | |

FINAL ORDER AND JUDGMENT

AND NOW, this 24th day of March, 2010,

a.  Upon consideration of (i) the motion of Plaintiffs[1] for approval of a settlement (the "Settlement") of this Action pursuant to the terms of a Stipulation and Settlement Agreement (the "Settlement Agreement") dated as of Nov. 9, 2009 among the Named Plaintiffs and Defendants (ii) the applications of Class Counsel for awards of counsel fees and reimbursement of expenses; and (iii) the applications of Lois Katziff, Carolyn Shapiro, and David Richards for the award of a case contribution award (collectively, the "Motions");

b.  The Court having entered an Order on Jan. 6, 2010 preliminarily approving the Settlement, certifying the Settlement Class as a mandatory non opt out class pursuant to Fed. R. Civ. P. 23(b)(1) and (b)(2) for purposes of proceedings to consider final approval of the

---

[1] Capitalized terms not otherwise defined in this Order shall have the meanings set forth or utilized in the Settlement Agreement.

1

Settlement, approving the form of Class Notice and directing the manner of delivery and publication thereof, and scheduling a hearing to consider the fairness of the Settlement, pursuant to Federal Rule of Civil Procedure 23(e), among other matters (the "Preliminary Approval Order");

    c.    The Court, having received declarations attesting to the delivery and publication of the Class Notice in accordance with the Preliminary Approval Order; and

    d.    A hearing having been held before this Court on __3/24/10__ (the "Fairness Hearing") (i) to determine finally whether this action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23(b)(1) and (b)(2); (ii) to consider the fairness of the Settlement, pursuant to Fed. R. Civ. P. 23, and to determine whether to enter this Order approving the Settlement; (iii) to determine whether the proposed Plan of Allocation of the Settlement Amount is fair and reasonable and should be approved; (iv) to consider the applications of Class Counsel for awards of counsel fees and reimbursement of expenses; (v) to consider the applications of Lois Katziff, Carolyn Shapiro, and David Richards for case contribution awards; and (vi) to rule upon such other matters as the Court might deem appropriate,

IT IS HEREBY ORDERED:

1.    The Court has jurisdiction over the subject matter of the Action, the Settlement Class, and the Defendants pursuant to 29 U.S.C. § 1132(e).

2.    The Court finds that the prerequisites for a class action under Rule 23 of the Federal Rules of Civil Procedure have been satisfied in that:

    (a)    The class, consisting of thousands of members, is so numerous that joinder of all members thereof is impracticable;

2

(b) There are questions of law and fact common to the Settlement Class;

(c) The Named Plaintiffs, Lois Katziff, Carolyn Shapiro, and David Richards, are members of the class and their claims are typical of the claims of the Settlement Class;

(d) The Named Plaintiffs have and will fairly and adequately represent the interests of the Settlement Class, have no interests antagonistic to the Settlement Class and have retained qualified, experienced and able counsel;

(e) Prosecutions of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the Defendants;

(f) Prosecution of separate actions by individual members of the class could result in adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;

(g) The Named Plaintiffs contend that Defendants have allegedly acted or allegedly failed to act on grounds generally applicable to the class, thereby justifying equitable and/or declaratory relief for the class as a whole if the Named Plaintiffs prevail as to their claims;

(h) The class definition is sufficiently precise and proper notice was provided to the class; and

(i) Class Counsel is appropriately qualified and suitable for appointment to represent the class.

(j) Accordingly, this Court hereby finally certifies the Settlement Class as a mandatory non-opt-out class pursuant to Fed. R. Civ. P. 23(b)(1) and 23(b)(2) consisting of: all participants and beneficiaries of the Beverly 401(K) SavingsPlus Plan ("Plan") from 1996

3

through the present excluding any defendant in this Action. No class member shall have the right to opt out of the Settlement Class.

3. In accordance with the Court's Preliminary Approval Order, Class Notice was timely given to all members of the Settlement Class who could be identified with reasonable effort by 1/27/10, and was published on the Website maintained by the Settlement Administrator from 1/16/10 through the date of this Order. The form and methods of notifying the Settlement Class of the terms and conditions of the proposed Agreement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. The motion for approval of the Settlement is hereby GRANTED, and the Settlement is APPROVED as fair, reasonable and adequate, and the terms of the Settlement are hereby determined to be prudent, for the exclusive benefit of participants and beneficiaries of the Plan and in compliance with all applicable provisions of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") and consistent with, and will not adversely offset, either the tax-qualified status of the Plan or the exempt status of its associated trust. The Parties are directed to consummate the Settlement in accordance with the terms of the Settlement Agreement.

5. The Amended Class Action Complaint for Violations of the Employee Retirement Income Security Act in the Action, asserted on behalf of the Settlement Class against the Defendants, is hereby dismissed with prejudice.

6. Upon this Order becoming final, the Named Plaintiffs, the Settlement Class, all members of the Settlement Class, and the Plan shall be deemed to have, and by operation of the

Final Order and Judgment shall have, absolutely and unconditionally released, waived, and forever discharged the Defendants from all Released Claims that the Plaintiffs directly, indirectly, derivatively, or in any other capacity had, now have, hereafter may have, or may ever bring, under state, federal, or local law of any type from the prosecution of, any and all Released Claims against any and all of the Defendants as provided in the Settlement Agreement.

(a) "Released Claims" shall mean each and every claim of whatever nature that relates in any way to any actual or purported interest, whether legal or equitable, individually or on behalf of a purported class, with respect to the Plan or to any actual or purported act, error or omission which relates to the Plan, to its assets and/or to its administration which were asserted or could have been asserted in the Action. Notwithstanding anything in the foregoing sentence, nothing herein shall release any claims for the payment or provision of vested, accrued benefits under any employee benefit or pension plan of the Company under the terms and subject to the conditions of such plan and applicable law. The Released Claims shall include any and all claims which Named Plaintiffs and the Settlement Class do not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties which, if known by him, her, or it, might have affected his, her, or its Settlement with the release of the Released Parties, or might have affected his, her or its decision not to object to this Settlement. With respect to any and all claims or potential claims, Named Plaintiffs and the Settlement Class, upon the Agreement Execution Date shall be deemed to have, and by operation of the Final Judgment and Order shall have, expressly waived, and may not assert in any proceedings as a bar to or voiding in any way the effectiveness of this release, the provisions, rights and benefits of any provision of the laws of the United States or of any state which provides that a general release does not extend to claims which a party does not know or expect to exist in favor at the

time of executing the release, which if known to the party may have materially affected the Settlement. The release applies to and includes, without limitation, each and every claim or right that Named Plaintiffs and each member of the Settlement Class may have under California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiffs and the Settlement Class shall be deemed by operation of the Final Judgment and Order to have acknowledged that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

(b) "Defendants" shall mean Beverly, GGNSCAS, Beverly Enterprises, Inc. 401(k) SavingsPlus Plan Investment Committee, Michael Karicher, Larry Deans, John Arena, Pamela Daniels, Richard Skelly, Dana Sauls, Matthew MacGregor, Darren Burgess, Terri Burt, Elizabeth Ogdon, Amy Brantley, Norman Michael Morton, and Ann Truitt.

7. The Plan of Allocation is APPROVED as fair and reasonable, and Class Counsel and the Plan Trustee or its designee are directed to administer the payment of the Net Proceeds of the Settlement Fund in accordance therewith.

8. The Named Plaintiffs, Lois Katziff, Carolyn Shapiro, and David Richards, are hereby awarded, as case contribution awards for their roles in prosecuting the Action on behalf of the Settlement Class, $ _10,000.-_, payable from the Settlement Fund within fifteen (15) days after this Order becomes Final.

9. Class Counsel are hereby awarded, as and for attorney fees, $_1,878,520.40_, or _____ percent of the Settlement Fund, which the Court finds to be fair and reasonable, and for reimbursement of costs and expenses, the sum of $_79,607.85_ as reimbursement of costs

and expenses, to be paid out of the Settlement Fund to Class Counsel fifteen (15) days after this Order becomes Final.

10. Jurisdiction is hereby retained over this Action and the Parties, the Plan, and the Settlement Class members for all matters relating to the Action, including (without limitation) the administration, interpretation, effectuation or enforcement of the Settlement Agreement and this Final Order and Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Settlement Class.

11. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

12. There is no just reason for delay in the entry of this Final Order and Judgment and immediate entry by the Clerk of the Court is expressly directly pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED, ADJUDGED AND DECREED.

Dated: March 24, 2010

*Nathaniel M. Gorton*
Nathaniel M. Gorton
United States District ▮▮▮ Judge